IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

ALFONSO F. ELEJALDE, *et al.*,

    Plaintiffs,

v.                                        Case No.: GJH-14-3278

PERDOMO CONTRUCTION AND
MANAGEMENT SERVICES, LLC
*et al.*,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Alfonso F. Elejalde, Bernard J. Junior Coles, Mauriel Grant, Carlos Antonio Castro Blanco, Ramon Pina Rodriguez, Ronni Alexis Martinez Reyes, Stanley L. Diggs, Shannon D. Edwards, Jr., Norman E. Coleman, Everett A. Warren, DeSalles W. Nelson, Jonathan L. Green, Jose J. Martinez Graziano, David Colston, Jr., Franklin Rene Alvarez, Larry Rondell Hawkins, Jesse Ronell Fields, Robert Eric Hunt, Jamar Turrell Delonta Caper, Curtis Greene, Ramone Beasley, Darrell R. Green, Daryl Christopher Wilson, Derrick Adkins, Tachere A. Diggs and Khamsay Syrapcanakoun (collectively, "Plaintiffs") filed this action against their former employer, Defendants Perdomo Construction and Management Services, LLC and Orlando Perdomo (collectively, "Defendants"), seeking damages and other relief for Breach of Contract and for Defendants' alleged failure to pay them overtime and minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Virginia Minimum Wage Act ("VMWA"), VA Code Ann. § 40.1-28.10. The parties now jointly move for approval of a settlement agreement. ECF Nos. 28 and 29. The Court has reviewed the

Complaint, the Answer and Affirmative Defenses of the Defendants, the parties' Joint Motion for Approval of Settlement Agreement, the Settlement Agreement and Release and the Joint Supplemental Submission Regarding Motion for Approval of Settlement Agreement. ECF Nos. 1, 8, 28, 28-2 & 29. For the reasons explained below, the Court finds that *bona fide* disputes exist regarding liability under the FLSA, the settlement agreement is a fair and reasonable compromise of the disputes, and the attorney's fees are reasonable. *See Leigh v. Bottling Group, LLC*, DKC-10-218, 2012 WL 460468 at * 4 (D. Md. Feb. 10, 2012); *Lopez v. NTI, LLC*, 748 F.Supp. 2d 471, 478 (D. Md. 2010); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). Therefore, the Court will GRANT the motion and instruct the clerk to close this case.

## I. FACTUAL BACKGROUND

According to the Complaint, Plaintiffs worked for Defendants as laborers from March 2014 through July 2014. *See* ECF No. 1 ¶ 21. Payments made to Plaintiffs for their work was below the amount the parties had agreed to by contract and below the legal minimum wage requirement. *Id.* ¶ 22, 24. Additionally, Plaintiffs were not paid at the overtime rate of one and a half times their wage when they worked in excess of forty hours per week as required by federal and state law. *Id.* at 6. The Complaint further alleges that Plaintiffs are owed "approximately $190,320 in straight time and overtime," *id.* ¶ 25, and "$50,000 in minimum and overtime wages under the FLSA and the VMWA," *id.* ¶ 26.

## II. DISCUSSION

### A. FLSA Settlements

The FLSA does not permit settlement or compromise over alleged FLSA violations except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement

2

reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354; *see also Lopez*, 748 F. Supp. 2d at 478 (explaining that courts assess FLSA settlements for reasonableness). These restrictions help carry out the purpose of the FLSA, which was enacted "to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees." *Duprey v. Scotts Co. LLC*, 30 F.Supp.3d 404, 407 (D. Md. 2014). Before approving an FLSA settlement, courts must evaluate whether the "settlement proposed by an employer and employees . . . is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355 (italics not in original). To do so, courts examine "(1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 30 F. Supp. 3d at 408. "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

### B. *Bona Fide* Dispute

In determining whether a *bona fide* dispute over FLSA liability exists, the Court reviews the pleadings, any subsequent court filings, and the parties' recitals in the proposed settlement. *Lomascolo v. Parsons Brinkernoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955 at *10 (E.D. Va. Sept. 28, 2009). Here, a review of the filings demonstrates that while Plaintiffs contend they are entitled to overtime and minimum wages, Plaintiffs lacked accurate records and had little evidence with regard to hours worked or agreed upon wages. ECF No. 29 at 2. Indeed

3

Defendants assert that, for some Plaintiffs, there is no record that they were ever employed by the Defendants or that, if they were, they would be classified as employees under relevant law. *Id*. Under these circumstances, the parties have sufficiently shown that *bona fide* disputes regarding the extent of liability under the FLSA exist in this case.

### C. Fairness & Reasonableness

In determining whether a settlement of FLSA claims is fair and reasonable, the Court may consider the following:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo*, 2009 WL 3094955 at *10. Here, the parties began settlement talks soon after the entry of a discovery scheduling order. ECF Nos. 12, 13. Given the current stage of the litigation, significant expenses would be incurred if the parties engaged in formal discovery, dispositive motions, and possibly trial. *See, e.g., Saman v. LBDP*, DKC-12-1083, 2013 WL 2949047 at *3 (D. Md. June 13, 2013). Additionally, there has been no evidence to suggest any fraud or collusion in the settlement. *See* ECF No. 30 at 2. The settlement agreement is for a total of $20,000. *See* ECF No. 28-1 at 6. Although this is a modest sum in comparison to the amount claimed in the Complaint, in addition to the challenges to the Plaintiffs' case caused by lack of documentation, the parties also considered that the Defendant corporation is no longer a going concern and further litigation may have diminished Defendants' ability to later pay any compensation to Plaintiffs. As was the case in *Saman*, "[i]n light of the risks and costs associated

4

with proceeding further and Defendants' potentially viable defenses, this amount appears to reflect a reasonable compromise over issues actually in dispute." 2013 WL 2949047 at *5 (citation and internal quotation marks and brackets omitted).

Although the settlement agreement contains a general release of claims beyond those in the Complaint, and a general release can render an FLSA settlement agreement unreasonable, the Court is not required to evaluate the reasonableness of the settlement as it relates to non-wage-dispute claims if the employee is compensated reasonably for the release executed. *See Duprey*, 2014 WL 2174751 at *4. As explained above, the Court finds that $20,000 is reasonable for the release executed. *Cf. id.* ("This percentage fairly compensates Duprey for the general release executed.").

### D. Attorney's Fees

Traditionally, "[i]n calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008) and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984). This Court has established rates that are presumptively reasonable for lodestar calculations. *See* Loc. R. App. B.

Here, Plaintiffs were represented by Mary Lombardo, who has been admitted to practice law for over sixteen years; Jonathan Lieberman, who has been practicing for over sixteen years; and Eduardo Garcia, an attorney with two-years' experience. *See* ECF No. 29 at 3. Each attorney billed their time at a rate higher than the rates viewed by this Court as being

presumptively reasonable.[1] Importantly, however, Plaintiffs' counsel is taking a significant reduction in fees by only accepting $6,162.97 in attorneys' fees and $836.03 in costs despite totaling $26,987 in attorney fees and $6,163.97 in costs. The hours devoted to the case were reasonable given the stage of the litigation and the number of plaintiffs involved, and the significant reduction in fees more than compensates for the difference between counsel's rates and the rates adopted in this Court's local rules. In light of the facts of this case and the disputes explained above, the Court finds the attorney's fees to be fair and reasonable.

### III. CONCLUSION

For the reasons stated above, the Joint Motion for Approval of Settlement Agreement, ECF No. 28, is GRANTED.

A separate Order shall issue.

Dated: October 27, 2016

GEORGE J. HAZEL
United States District Judge

---

[1] In their joint submission, the parties indicated that the rates charged are consistent with rates charged by similar firms in the Washington, D.C. metropolitan area. ECF No. 29 at 3.